AL:DG
F.#2015R02040

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | APPLICATION FOR HISTORICAL CELL-SITE INFORMATION PER § 2703(d)<br><br>No. <u>17-MC-712</u> |

APPLICATION OF THE UNITED STATES
FOR AN ORDER FOR HISTORICAL CELL-SITE INFORMATION
PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Sprint Corporation ("Sprint"), a cellular service provider, located in Overland Park, Kansas, to disclose certain records and other information pertaining to the cellular telephone assigned call number (872) 232-0022 (the "SUBJECT PHONE"), as described in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Sprint is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). Accordingly, the United States may use a court order issued under § 2703(d) to require Sprint to disclose the items described in Part II of Attachment A, as these records pertain to a subscriber of electronic communications service and are not the contents of communications. *See* 18 U.S.C. § 2703(c)(1).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711(3). *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating Zane Skyers for conspiracy to import cocaine into the United States, in violation of Title 21, United States Code, Section 963, and conspiracy to possess with the intent to distribute cocaine, in violation of Title 21, United States Code, Section 846. On July 5, 2016, a grand jury in the Eastern District of New York returned an indictment charging Skyers with conspiracy to import cocaine, in violation of Title 21, United States Code, Section 963. See United States v. Skyers, 16-CR-377 (MKB).

5. On or about November 7, 2015, a co-conspirator ("CC-1") of Skyers arrived at John F. Kennedy International Airport ("JFK") in Queens, New York about JetBlue Flight No. 882 from Saint Lucia. After CC-1's arrival, United States Customs and Border Protection ("CBP") officers selected CC-1 for an enforcement examination. CC-1 presented a black suitcase for inspection. CBP Officers probed the suitcase and discovered a white powdery

substance that field-tested positive for cocaine.  A subsequent laboratory report determined that CC-1's suitcase contained approximately 1,463.2 grams of cocaine.

6.  CC-1 was placed under arrest and, after being advised of and waiving his Miranda rights, admitted that he knew the suitcase contained narcotics.  CC-1 was charged and has pleaded guilty to the important of cocaine, in violation of Title 21, United States Code, Section 952(a).

7.  During a search of CC-1's cellular telephone, which was seized after CC-1's arrest, law enforcement officers identified text and WhatsApp[1] messages between CC-1 and Skyers indicating Skyers's involvement in a conspiracy to import narcotics into the United States.  These messages indicate that, on or about and between October 30, 2015 and November 7, 2015, CC-1 and Skyers discussed the coordination and arrangement of CC-1's flight and CC-1's coordination, prior to travel, with other co-conspirators located in Saint Lucia.  For example, on or about and between October 30, 2015 and November 2, 2015, Skyers sent the following messages to CC-1 from the SUBJECT PHONE: "JFK"; "Text mi ur info"; and "I tell my cousin to have him call you so just wait till you speak to him."  On or about November 6, 2015, while CC-1 was in Saint Lucia, Skyers sent the following WhatsApp message to CC-1: "U have anyone to pick u up."

8.  On or about November 7, 2015, Skyers sent CC-1 a message containing a photograph of a receipt of a MoneyGram wire transfer with Skyers's name and address on it.  Records obtained from MoneyGram reflect that on November 1, 2015, Skyers sent CC-1 a payment of $1,750.

---

[1] WhatsApp is an application that allows users to, inter alia, send text messages.

9.     On or about November 7, 2015, Skyers and CC-1 exchanged a series of messages indicating that Skyers intended to meet CC-1 and JFK after CC-1's arrival.  These messages included a description of what CC-1 was wearing on the day of his flight and a voice message from Skyers indicating that he was on his way to pick up CC-1 at JFK.  Skyers sent these message from the SUBJECT PHONE.

REQUEST FOR ORDER

10.    The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items may provide evidence of Skyers's location when he was communicating with CC-1 on or around November 7, 2015, when CC-1 arrived at JFK with cocaine.  Accordingly, the United States requests that Sprint be directed to produce all items described in Part II of Attachment A to the proposed Order.

Dated:  Brooklyn, New York
        March 9, 2017

                                        ROBERT L. CAPERS
                                        United States Attorney
                                        Eastern District of New York

                    By:     /s/ David Gopstein_____
                             David Gopstein
                             Assistant United States Attorney
                             718-254-6153

AL:DG
F.#2015R02040

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | No. 17-MC-712 |

ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Sprint Corporation ("Sprint"), an electronic communications service provider and/or a remote computing service located in Overland Park, Kansas, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Sprint shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

Dated: Brooklyn, New York
       March 9, 2017

_____
THE HON. RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

I. **The Account(s)**

The Order applies to records and information associated with the cellular telephone assigned call number (872) 232-0022 (the "Account").

II. **Records and Other Information to Be Disclosed**

Sprint is required to disclose the following records and other information, if available, to the United States for each Account listed in Part I of this Attachment, for the time period November 6, 2015—November 8, 2015:

    A.    The following information about the customers or subscribers of the Account:

        1. Names (including subscriber names, user names, and screen names);
        2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
        3. Local and long distance telephone connection records;
        4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
        5. Length of service (including start date) and types of service utilized;
        6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
        7. Other subscriber numbers or identities (including the IP address); and
        8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to wire and electronic communications sent from or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and including information regarding the cell towers and sectors through which the communications were sent or received.